## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

**JUSTIN BROWN**                                                        **PLAINTIFF**

    v.                              **Case No. 5:15-CV-05302**

**TYLER THOMAS, Mountain Man
Pawn; BUTCH THOMAS, Mountain
Man Pawn; and CLINT GOBER,
Mountain Man Pawn**                                                    **DEFENDANTS**

## OPINION AND ORDER

This is a civil rights action filed by Plaintiff Justin Brown. Plaintiff is proceeding *pro
se* and *in forma pauperis* (IFP). The Court has conducted a pre-service screening of the
Complaint pursuant to 28 U.S.C. § 1915(e)(2), which provides statutory authority for the
pre-service screening of any case in which an individual has sought leave to proceed IFP.
*Id.*

## I. BACKGROUND

According to the allegations of the Complaint, on November 2, 2015, Plaintiff was
at Mountain Man Pawn in Fayetteville, Arkansas, when he was falsely accused of stealing.
Plaintiff alleges he was approached by Tyler Thomas and a couple of other unidentified
men. Plaintiff alleges he ran because he did not know who the men were and whether they
were a threat.

Prior to exiting the store, Plaintiff alleges he was grabbed and/or tackled from behind
by Tyler Thomas, choked by Clint Gober and a couple of other men, and struck on the
temple and in the ribs. Plaintiff was handcuffed by Butch Thomas. Plaintiff alleges

-1-

physical force continued to be used against him although he was handcuffed and not resisting. Plaintiff maintains Butch Thomas applied the handcuffs too tightly causing the circulation to be cut off and bruising around his right wrist bone.  The Fayetteville Police Department was called.  Plaintiff does not allege if any charges were brought against him.

Plaintiff has sued each Defendant in his personal capacity only.  As relief, Plaintiff seeks compensatory damages.

## II. DISCUSSION

Under the Prison Litigation Reform Act (PLRA), the Court is obligated to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Federal courts are courts of limited jurisdiction. *See e.g., Godfrey v. Pulitzer Publ'g Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998).  Generally, the federal district courts may only

exercise jurisdiction over cases in which diversity of citizenship exists and the requisite amount in controversy is involved and those cases in which a federal question is presented; that is, those cases involving violations of federal constitutional or statutory law. *See e.g., Sw. Bell Tel. Co. v. Connect Commc'ns Corp.*, 225 F.3d 942, 945 (8th Cir. 2000). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83 (1998) (quoting *Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382 (1884)) (alteration in original)). If it appears that jurisdiction is lacking, the Court will raise the issue *sua sponte. Dieser v. Cont'l Cas. Co.,* 440 F.3d 920, 923 (8th Cir. 2006).

Diversity of citizenship under 28 U.S.C. § 1332 exists if there is complete diversity of citizenship and the amount in controversy is more than $75,000. *Advance Am. Servicing of Ark. v. Mcginnis*, 526 F.3d 1170, 1172 (8th Cir. 2008). In this case, both the Plaintiff and Defendants are citizens of the State of Arkansas.

The only other basis of federal court jurisdiction apparent from the complaint arises from 42 U.S.C. § 1983. Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under § 1983, a plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under

§ 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

While there are limited circumstances in which a private party may be considered to be a state actor, Plaintiff has not alleged the Defendants conspired with the State and its agents or that these Defendants willfully participated in joint activity with the State and its agents. *See e.g., Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). "[A] private party's mere invocation of state legal procedures does not constitute state action." *Youngblood v. Hy-Vee Food Stores, Inc.*, 226 F.3d 851, 855 (8th Cir. 2001) (store employee, who was not employed by the police department, was not a state actor when employee reported suspected shoplifting and detained the shoplifter until police arrived) (*citing Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 n.21 (1982)).

Similarly, a private individual who complains of criminal conduct and is a witness for the prosecution does not act under color of law. *See e.g., Grow v. Fisher*, 523 F.2d 875, 879 (7th Cir. 1975) ("The mere fact that the individual defendants were complainants and witnesses in an action which itself was prosecuted under color of law does not make their complaining or testifying other than what it was, *i.e.,* the action of private persons not acting under color of law."); *Rodgers v. Lincoln Towing Serv., Inc.*, 596 F. Supp. 13, 21 (N.D. Ill. 1984), *aff'd*, 771 F.2d 194 (7th Cir. 1985) (private citizen does not act under color of law when reporting a crime). It is clear Defendants cannot be sued under § 1983 because they are private citizens who did not act under color of State law. No other basis for federal court jurisdiction is apparent from the Complaint.

## III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that this case is **DISMISSED WITH PREJUDICE**, as the claims are frivolous and/or the Court does not have jurisdiction over the claims.  A separate judgment will be entered this same day.

**IT IS SO ORDERED** on this ___12th___ day of February, 2016.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE